IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CYNTHIA MARIE SULLIVAN and
SAMUEL SULLIVAN, JR.,

    Plaintiffs,

v.                                          CASE NO. 1:15-cv-143-MW-GRJ

DEPARTMENT OF VETERANS
AFFAIRS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs initiated this case by filing a *pro se* civil rights complaint and have been granted leave to proceed as a pauper. Plaintiffs are proceeding pursuant to an Amended Complaint, ECF No. 5, which is before the Court for screening. For the following reasons, the undersigned recommends that this case be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See*

28 U.S.C § 1915(e).  The Court must liberally construe a *pro se* Plaintiff's allegations.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiffs allege that Samuel Sullivan, Jr., is a disabled veteran receiving Social Security disability benefits.  According to the Complaint, Mr. Sullivan applied for Paratransit Services through the nonprofit Center for Independent Living of North Central Florida (CILNCF).  Mr. Sullivan alleges that a Veterans Administration social worker, Kelly Mitchell, submitted a "Professional Verification Form" to CILNCF which initially indicated that Plaintiff is not disabled.  ECF No. 1, 5.  At Plaintiff's request, Ms. Mitchell submitted a second form indicating that Plaintiff has the following disabilities: type II diabetes, scoliosis, hypertension.  ECF No. 5 at 7.  The CILNCF denied Plaintiff's application for Paratransit Service, finding that the agency could not determine, based on the information submitted by Plaintiff, whether his disability "currently prevents your use or access of the fixed route bus system."  *Id*. at 8.  The denial invited Plaintiff to submit additional information or to file an administrative appeal from the denial of service.  *Id*.  Plaintiff alleges that he has been declared disabled by the Social Security Administration as of November 1, 2013.  *Id*. at 3, 9.

Plaintiffs allege that they have pursued a tort claim against the VA but "have yet to receive a court date." Plaintiff contends that he has suffered physical discomfort, pain, and mental anguish because he was not issued a bus pass by the CILNCF. Plaintiff seeks $25,000 in damages. ECF No. 5.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994). It appears that Plaintiff in this case is seeking to pursue claims pursuant to the Americans with Disabilities Act (ADA) in connection with the denial of a bus pass. The only named defendant in the Amended Complaint is the Department of Veterans Affairs.

To state a claim under the ADA, Plaintiff must "show a disability, the denial of a public benefit, and that such denial of benefits, or discrimination was by reason of the plaintiff's disability." *Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir.1996) (citation and quotation marks omitted). The ADA does not authorize suits against individual defendants, but rather "public entities." *Rylee v. Chapman*, 316 Fed.Appx. 901, 905 (11th Cir.

2009).

The factual allegations of the Complaint reflect that it was the CILNCF that denied Plaintiff's bus pass, not the VA. To the extent that Plaintiff contends that Ms. Mitchell was somehow negligent in performing her duties as a VA employee, and that he was damaged as a result, his only possible remedy would be against the United States pursuant to the Federal Tort Claims Act. Although Plaintiff was given an opportunity to amend the Complaint to assert an FTCA claim, he has not done so in this case.

Moreover, the factual allegations of the Complaint do not show that any actions by Ms. Mitchell caused Plaintiff any injury that would be compensable under the FTCA. Rather, the CILNCF letter makes it clear that Plaintiff was invited to submit additional information to support his application for Paratransit Services, and it was the CILNCF, not Ms. Mitchell or the VA, who denied Plaintiff such services. Plaintiff has alleged no facts showing that Ms. Mitchell's corrected verification form did not account for the disabilities that have been recognized by the VA, which may be different from those recognized by the Social Security Administration or other agencies. Plaintiff has alleged no facts showing that his disabilities do in fact make him eligible for Paratransit Services

through CILNCF, which may have different criteria than the disability determinations made by either the VA or the SSA.   Moreover, there are no factual allegations suggesting that any defendant could be liable to Plaintiff Cynthia Sullivan under any theory of liability.

Under these circumstances, the Court concludes that the allegations of the Amended Complaint fail to state a claim upon which relief may be granted against the Veterans Administration.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** in Gainesville, Florida this 3rd day of December 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.